United States District Court
Southern District of Texas
**ENTERED**
August 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 2:14-455** |
| | § | |
| **GERARDO ESTEBAN BEDORE,** | § | |
| Defendant. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Gerardo Esteban Bedore's Petition for Early Home Confinement. D.E. 93.

### I. BACKGROUND

In 2014, Defendant pled guilty to conspiracy to possess with intent to distribute 10.78 kilograms of methamphetamine (actual). He has served roughly 50 months (60%) of his 84-month sentence and has a projected release date of April 25, 2021. He now moves the Court to order his early release to home confinement so that he can be reunited with his family and continue working towards his goal of becoming a dental hygienist.

### II. LEGAL STANDARD

On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, was signed into law. Pre-CARES Act, the Bureau of Prisons (BOP) was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under the CARES Act:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the

> first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

Attorney General William Barr issued a Memorandum on April 3, 2020, "finding that emergency conditions are materially affecting the functioning of the [BOP]" and "expand[ing] the cohort of inmates who can be considered for home release." April 3, 2020 Memo from the Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, *available at* https://www.justice.gov/coronavirus/DOJresponse (last visited Aug. 3, 2020). General Barr directed the BOP Director to review all inmates with COVID-19 risk factors—not only those who were previously eligible for home confinement—starting with inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where COVID-19 is materially affecting operations. *Id.* All at-risk inmates at such facilities who are deemed suitable for home confinement shall be immediately processed, transferred to an appropriate BOP facility for a 14-day quarantine, and released to home confinement. *Id.*

## III. ANALYSIS

While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement.[1] The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(b). Defendant's initial remedy to challenge this determination is by administrative action within the BOP. The proper vehicle to thereafter challenge the BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241, which must be filed in the same district where the prisoner is incarcerated.

---

1. Even if it did, Defendant does not allege that he is considered at-risk for COVID-19 complications or that he is being housed at a facility where COVID-19 is materially affecting operations. According to the BOP's website, there have been no confirmed cases of COVID-19 among inmates or staff at FCP Yankton. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Aug. 3, 2020).

*See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Defendant is currently incarcerated at FPC Yankton in Yankton, South Dakota, which is located in the District of South Dakota. Thus, assuming Defendant remains incarcerated in Yankton, he should file any § 2241 petition in that court after first exhausting his administrative remedies.

To the extent Defendant seeks a sentence reduction, he should file a motion pursuant to 18 U.S.C. § 3582(c) in this Court, also after first exhausting his administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Petition for Early Home Confinement (D.E. 93) is **DENIED**.

It is so **ORDERED** this 5th day of August, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE